B & C EXCAVATING COMPANY, APPELLANT, V.
ROBERT HINER ET AL., APPELLEES.

298 N.W.2d 155

Filed October 31, 1980. No. 43150.

Hansen & Engles for appellant.

Marion J. Yoder for appellee Hiner.

Lyman L. Larsen of Kennedy, Holland, DeLacy & Svoboda for appellee Ideus Construction Co.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

In this appeal from the Workmen's Compensation Court, we are asked to reverse the judgment of that court, holding the appellee Robert Hiner (hereafter Hiner) to be an employee of the B & C Excavating Company (hereafter B & C) and not a loaned employee of the Ideus Construction Company (hereafter Ideus). We affirm.

Once we have examined the record and determined that the findings of fact by the compensation court are not clearly wrong, those findings have the effect

of a jury verdict and are binding on us. Neb. Rev. Stat. § 48-185 (Reissue 1978); *White v. Western Commodities, Inc., ante* p. 75, 295 N.W.2d 704 (1980).

B & C was incorporated in October 1978 by Thomas J. Beekman and Duane Carstens. Prior to the incorporation, Beekman owned an International dump truck which he leased to Ideus. The truck was used to transport bulk materials on Ideus jobs. The terms of the oral lease were that Ideus pay Beekman $21 per hour for the truck and a driver, all insurance and maintenance costs to be paid by Beekman.

The truck was operated by either Thomas Beekman or his brother LaVerne. When LaVerne drove the truck, he was paid 30 percent of the amount paid by Ideus. All parties agreed that LaVerne was an independent contractor.

When Ideus was informed that, after the incorporation, B & C was to be the leasing agent and that Hiner was to operate the truck, Ideus insisted that B & C provide workmen's compensation insurance for Hiner. B & C did so.

From November 2, 1978, until the accident on December 22, 1978, Hiner drove one of two trucks, principally on work for Ideus. He was paid by B & C at an hourly rate and Social Security and income taxes were withheld from his wages by B & C. Both trucks carried a sign "B & C Excavating" on the door. All repair and maintenance was borne by B & C and Hiner.

Ideus' use of B & C trucks and Hiner was on a job-to-job basis. B & C had the right to refuse a job or to take another for others in preference to the Ideus work.

In the day-to-day operations, Hiner reported to Beekman daily or nearly so and received instructions as to where Hiner was to work. The Ideus foreman would instruct Hiner as to what he was to haul and frequently specified the preferred route. The foreman had no power to fire Hiner or discipline him. In case of a dispute, he would report to his superior and recourse would be had to B & C.

The essential work of B & C was the removal and hauling of materials. The work, whether done for its own account or for Ideus, was the same.

It is obvious that Hiner does not meet the test of a loaned employee. In the recent case of *White v. Western Commodities, Inc.*, *supra*, a case in which the dispute was whether the injured person was a joint employee, we said: "Neb. Rev. Stat. § 48-115(2) (Reissue 1978) defines an employee as 'Every person in the service of an employer who is engaged in any trade, occupation, [or] business . . . under any contract of hire, expressed or implied, oral or written . . . .'

"There is a rationale here with the line of cases involving 'special employees,' where the rule is: '[T]here must be some consensual relationship between the loaned employee and the employer whose services he enters, sufficient to create a new employer-employee relationship. Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is created.' *Shamburg v. Shamburg*, 153 Neb. 495, 502, 45 N.W.2d 446, 451 (1950).

"Defendants here dealt at arms length in their lease agreement, including the provision that Western (lessor) was to be the employer of truckdrivers for workmen's compensation purposes. The evidence supports that agreement and there is no showing of prejudice to plaintiff who was not privy thereto; in fact, that was the desire and understanding of plaintiff. Such agreement should be accorded considerable weight in determining the issue of employment as contemplated in § 48-129." *Id.* at 82, 295 N.W.2d at 709.

1C Larson, Workmen's Compensation Law § 48.00 (1980), states the rule as follows: "When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if (a) The employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that

of the special employer; and (c) the special employer has the right to control the details of the work."

The absence of a contract of hire between Ideus and Hiner, the work of B & C being in no way distinguished from Ideus work, the absence of all but minimal control of Hiner by Ideus, the payment of wages by B & C, and the agreement between Ideus and B & C that B & C maintain workmen's compensation insurance on Hiner establish that Hiner remained at all times an employee of B & C and was not a loaned or a special employee of Ideus. The compensation court's judgment is correct and it is affirmed.

Appellee Hiner is allowed $750 for services of his attorney in this court.

AFFIRMED.

CLINTON, J., not participating.